JEAN S. BLUMENFELD, PETITIONER-RESPONDENT, v. RUST CRAFT GREETING CARDS, INC., RESPONDENT-APPELLANT.

Essex County Court
Law Division

Decided September 1, 1966.

Civil action on appeal from Division of Workmen's Compensation.

*Mr. Lloyd G. Beatty* for petitioner-respondent (*Messrs. Egner & Beatty,* attorneys).

*Mr. Everitt Rhinehart* for respondent-appellant (*Mr. John W. Taylor,* attorney).

KAPP, J. C. C. Respondent-employer Rust Craft Greeting Cards, Inc. appeals from a judgment of compensation, as amended, entered in the Workmen's Compensation Division on March 21, 1966, in accordance with the provisions of *N. J. S. A.* 34:15–13(g), following and based upon the remarriage of the decedent's widow.

The facts are these. Marc Blumenfeld, her deceased husband and father of their sons Stephen and Marc, died on November 18, 1964 as the result of a compensable accident. At a hearing in the Division of Workmen's Compensation on July 19, 1965 dependency benefits were awarded and a judgment in the gross amount of $37,451.95 was entered, based

upon the maximum weekly rate of $40, pursuant to *N. J. S. A.* 34:15–13 *et seq.*

On July 23, 1965 petitioner became the wife of one Edward F. Ochs, Jr., thus reducing the number of dependents to two and the weekly compensation rate to $39.23, payable to the two surviving children. *N. J. S. A.* 34:15–13(b). Parenthetically, it is noted that the schedule for the computation of compensation for dependents in this category was increased by *L.* 1966, *c.* 126, § 2(b), approved June 17, 1966, to take effect March 1, 1967.

On January 17, 1966 Rust Craft applied to the Division for leave to suggest the fact of petitioner's remarriage on the record and for an order distributing the compensation award among the remaining dependents, as expressed in *N. J. S. A.* 34:15–13(h), as follows:

"Compensation shall be computed upon the foregoing basis. Distribution shall be made among dependents, if more than 1, according to the order of the Division of Workmen's Compensation, which shall, when applied to for that purpose determine, upon the facts being presented to it, the proportion to be paid to or on behalf of each dependent according to the relative dependency. Payment on behalf of infants shall be made to the surviving parent, if any, or to the statutory or testamentary guardian."

Additionally, appellant moved to amend the judgment in conformity with *N. J. S. A.* 34:15–13(g), which provides, in part:

"Should any dependent of a deceased employee die during the period covered by such weekly payments the right of such dependent to compensation under this section shall cease *but* should the widow of a deceased employee remarry during such period and before the total compensation is paid, *she shall be entitled to receive the remainder of the compensation* which would have been due her had she not remarried, or $1,000.00, whichever is the lesser." (Emphasis supplied)

Accordingly, on March 21, 1966 the Division amended that portion of the judgment, as here pertinent, in the manner following:

"ORDERED that the judgment herein dated September 21, 1965 be and the same is hereby supplemented, modified and amended as follows:

1. Pursuant to R. S. 34:15–13(h) the dependency compensation for the period in which the widow Jean S. Blumenfeld shares is hereby distributed 50% or $20.00 per week for the benefit of the widow dependent, Jean S. Blumenfeld; 25% or the sum of $10.00 per week for the benefit of the child dependent Stephen Alexander Blumenfeld; and 25% or the sum of $10.00 per week for the child dependent Marc Blumenfeld: And the dependency benefits for the period which only the two child dependents share are to be paid 50% for the benefit of Stephen Alexander Blumenfeld and 50% for the benefit of Marc Blumenfeld: And for the period from June 29, 1981 to April 9, 1983, the dependency benefit at the rate of $34.32 per week is payable for the benefit of Marc Blumenfeld.

2. Judgment is entered in favor of Jean S. Blumenfeld, now Jean S. Ochs, Jr., and against the respondent for the lump sum of $1,000.00 as set forth in the statement of award attached hereto and over, above and in addition to the weekly compensation benefits as set forth in the statement of award attached hereto." (Computed from November 18, 1964 to July 23, 1965)

█ Appellant here challenges the validity of the assessment against the respondent for the payment of the lump sum of $1,000 to the widow and contends that the said payment should be deducted from the dependency benefits that are payable to the children.

The thesis thus advanced is without merit in that it is oppugnant to the statutory direction by any reasonable interpretation of its language.

█ It is inconceivable that the Legislature had ever intended, under these circumstances, that such an obligation should be transferred from a respondent and visited and imposed upon dependent children to the extent of reducing and depriving them of their benefits, which they are entitled to have and receive by virtue of the statute. For unless the statute directly provides for a deduction from compensation already awarded, such mandate may not be inferred, and therefore, none may be ordered. *Black v. Cedar Grove Township,* 124 *N. J. L.* 479 (*Sup. Ct.* 1940), affirmed 125 *N. J. L.* 272 (*E. & A.* 1940).

In *Flynn v. Union City,* 32 *N. J. Super.* 518, 524 (*App. Div.* 1954), the court held that

"The right to workmen's compensation rests upon the statute which both creates and measures that right."

Again, in *Jones v. New Jersey Mfrs. Cas. Ins. Co.*, 77 *N. J. Super.* 147, 152 (*App. Div.* 1962), affirmed 39 *N. J.* 555 (1963), the court said:

"Beneficiaries of compensation are determined by the Legislature, and it is not within the province of the judiciary to extend benefits beyond the limits of the prevailing statute."

■ Implicit from the foregoing pronouncement is the evident principle that the judiciary, likewise, may not reduce the benefits provided by the said statute.

The amendment of 1913 (*P. L., p.* 302) amending section 12 of the Workmen's Compensation Act of 1911 (*P. L., p.* 134) had provided that the widow of a deceased employee, upon remarriage during the period covered by weekly payments, forfeited her right to further compensation payments. Hence, in many instances widows deferred remarriage in order to secure their full compensation benefits. This unquestionably motivated the Legislature to amend the act once again as an inducement for widows to remarry without waiting for the compensation period to expire.

■ The amendatory legislation removed—or at least ameliorated — this uncompromising forfeiture; it reflects our public policy, which is of long standing and fully warranted. *Iovino v. Iovino*, 58 *N. J. Super.* 138, 141 (*App. Div.* 1959). From this case we discern that

"It is well established that the State has an interest in the marriage institution (*Sobel v. Sobel*, 99 *N. J. Eq.* 376, 378 (*E. & A.* 1926)) and that public policy favors a continuation of marriage * * *."

*Bishop, Marriage and Divorce* (6*th ed.* 1881), § 1, had likewise declared that the universal sentiment of mankind accepts the fundamental doctrine of the law of marriage, that the sexes should not associate promiscuously as prompted by mere animal instinct, "but 'pair off,' to use an expression applied

to birds of the air." In his preface to the first edition (1852) Bishop stated that marriage is "the most important institution of human society."

Adverting once again to the amended section of the act, *N. J. S. A.* 34:15–13 (g), it will be observed that it now places the widow in a separate class. The use of the word "but" followed by "she [the widow] *shall* be entitled to receive the remainder * * *," clearly fixes the responsibility upon respondent to make the additional payment to the widow upon her remarriage.

Our polestar of construction for this amendment may be found in the case of *Hasbrouck Heights Hospital Association v. Borough of Hasbrouck Heights,* 15 *N. J.* 447, 453 (1954), wherein the court declared:

"It is settled that in reaching the meaning of amendatory language the court must look to the prior law, the matters deemed to require correction thereunder and the remedy enacted."

The Workmen's Compensation Act is social legislation and is to be liberally construed in favor of the workman. *Complitano v. Steel Tank Alloy Co.,* 63 *N. J. Super.* 444, 452 (*App. Div.* 1960), reversed on other grounds 34 *N. J.* 300 (1961).

So in *Stellmah v. Hunterdon Cooperative G. L. F. Serv., Inc.,* 47 *N. J.* 163, 169 (1966), Justice Schettino, speaking for a unanimous court, observed that:

"As in all construction problems concerning the Workmen's Compensation Act, it is axiomatic that we give a liberal interpretation to the provisions of the statute in order to insure the accomplishment of the statutory remedial goals. *N. J. S. A.* 34:15–42; *Close v. Kordulak Bros.,* 44 *N. J.* 589, 604 (1965)."

Merely as a footnote, there is this to be noted: that the remarriage of this widow has redounded to the financial benefit of respondent.

For the reasons hereinabove expressed the decision of the judge of Workmen's Compensation is affirmed.